

FILED
MAR 0 7 2018
Clerk, U.S. District Court
Texas Eastern

1. **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **CRAIG CUNNINGHAM,** Plaintiff, <br><br> v. <br><br> Greenstar Capital Solutions, LLC, Alex Silverman, Noah Silverman, Trusted Leads, LLC, Schimeon Frederick, Tiffany Frederick, and John/Jane Does 1-5 <br><br> Defendants. | § § § § § § § § § § § |

## PLAINTIFF'S Original COMPLAINT

1. The Plaintiff in this case is Craig Cunningham, a natural person who was a resident of Collin County, Texas at all times relevant to the complaint, and currently has a mailing address of 3000 Custer Road, ste 270-206, Plano Tx 75075.

2. Defendant Greenstar Capital Solutions, LLC (hereafter Greenstar), is an Florida limited liability company and can be served via registered agent Ronald Lewis, 165 East Palmetto Park Rd., ste 200, Boca Raton, FL 33432 or corporate officer Alex Silverman, 40 SE 5th Street, Boca Raton, FL 33432

3. Alex Silverman is a corporate officer and can be served at 40 SE 5th Street, Boca Raton, FL 33432

4. Noah Silverman is a corporate officer and can be served at 19625 back nine dr, boca Raton, FL 33498

5. Schimeon Frederick is a natural person who can be served at 5301 N. Federal Highway # 250, Boca Raton, FL 33487

6. Tiffany Frederick is a natural person who can be served at 5301 N. Federal Highway # 250, Boca Raton, FL 33487

7. Trusted Leads, LLC is a Florida corporation operating from 5301 N. Federal Highway # 250, Boca Raton, FL 33487 and can be served via registered agent or corporate officers Tiffany Frederick and Schimeon Frederick at that address or 218 Via D. Este Apt 1310 Delray beach, FL 33445.

8. John/Jane Doe defendants are other liable parties that will be identified in discovery.

## Jurisdiction

2. Jurisdiction of this court arises as the acts happened in this county. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls/text messages to the state of Texas for the purpose of soliciting Texas residents.

## FACTUAL ALLEGATIONS

3. Starting in 2015, 2016, and 2017, the Plaintiff began receiving text messages that are considered calls per the 9th Circuit's ruling in Satterfield v Simon Schuster, Inc. for enforcement under the Telephone Consumer Protection Act, 47 USC 227 et seq. (TCPA) and phone calls initiated using an automated telephone dialing system to the Plaintiff's cell phone. The Plaintiff had not consented to being contacted using an automated telephone dialing system or text messages, and the calls were not related to an emergency purpose.

4. These text messages appeared to be promotional type messages as part of some marketing campaign using short code 31224. The text messages initially pitched student loan services and working capital. The short code is registered to Trusted Leads, LLC, which is owned by Frederick Schimeon and Tiffany Frederick.

5. The text messages did not appear to be related to any emergency purpose and were not with the consent of the Plaintiff. All the text messages did were not personalized and were generic in nature. There are a total of 5 text messages identified at this point, but the Plaintiff is not finished conducting research on the calls. The text messages were on Sept 22, 2016, Nov 4, 2016, Nov 29th, 2016, Jan 3, 2017, and Jan 12, 2017. The text messages were sent to 615-212-9191.

6. A total of 38 calls were sent to the Plaintiff's cell phones from various caller ID's associated with Greenstar. The Plaintiff recieved calls from 615-866-05777 to 615-331-7262 on 8/17/2017 and 1/24/2017.

7. The Plaintiff recieved calls to 615-348-1977 from 615-866-0577 on 8/22/2017 and 8/24/2017.

8. The Plaintiff recieved calls to 615-212-9191 from 561-479-8449 on 2/8/2016 twice and 954-803-8397 on 2/8/2016 and 2/5/2016, 2/9/2016, 2/16/2016 ,2/26/2016, 3/3/2016, and 3/4/2016 three times and from 615-866-0577 on 4/22/2016, twice, 4/27/2016, twice, 4/28/2016, 4/29/2016, 5/2/2016, 5/5/2016, 5/9/2016, 5/11/2016, 5/12/2016, 5/16/2016, 5/17/2016, 6/16/2016, 6/17/2016, 6/21/2016 twice, 10/31/2016 three times, 2/14/2017, 6/5/2017, and 8/4/2017 Five times.

**TCPA Violations by Frederick Schiemon and Tiffany Schiemon**

9. Frederick and Tiffany violated the Plaintiff's rights in this case by sending multiple unsolicited and unwanted text messages to the Plaintiff's cell phone. There were at least 5 text messages sent from the same short code associated with entities owned and controlled by the Schiemons and the text messages were sent at their direction. Additionally, Frederick and Tiffany operated a student loan consolidation scam and placed calls to the Plaintiff's cell phone from 561-362-2775 to 615-212-9191 as part of a scheme to sell student loan consolidation services at an inflated price that the Plaintiff could do for free. These calls falsely claimed to be on behalf of the US Department of Education and made false promises and exaggerated claims about student loan forgiveness. Calls occured on 3/13/2015, 4/29/2015, and 5/21/2015, although the Plaintiff is researching others. The defendants used the now defunct entity, Trusted Debt Solutions to make the

**The Plaintiff's Cell phones are a residential line**

10. The text messages were to the Plaintiff's cellular phonne 615-212-9191,, 615-348-1977, 615-331-7262 which are the Plaintiff's personal cell phones that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## Indications of an Automated Telephone Dialing System

11. The text messages in Exhibit A provide ample indications of them being sent via an automated telephone dialing system. First and foremost, the message were not sent from a 10 digit phone number, but rather a 5 digit "short code" of "31224."[1]

12. Short codes are highly indicative that the message was sent by a high volume, bulk automated telephone dialing system as short codes are *"ideal for sending high-volume messages in the business to consumer enviornment. With long numbers, you're only able to send 1 message per second, but short codes can send large numbers of bulk SMS messages at a consistent rate with mugh higher throughput"*[2] Another short code vendor describes short codes as *"Short codes: Mass blasts"* and *"Long codes: Personalized communication"*[3] Another text vendor describes the use case for Short codes vs traditional 10 digit numbers as *"Short codes support high-volume messaging and can reach many different users at once"*[4] Another vendor describes the difference between long and short codes as: *"The key distinction between the two is that long codes are intended as a person-to-person communication tool, whereas short codes allow for the bulk messaging that is typical of marketing and emergency notification campaigns. A business can receive text messages to their long code, but a high volume of SMS to or from a single phone number may trigger carriers' spam filters and blacklist your long code."*[5]

13. This indicates that just by the presence of a short code on a text message, that the

---

[1] See Exhibit A generally
[2] https://www.clickatell.com/products/sms/short-codes/
[3] https://textus.com/short-code-texting-vs-long-code-texting/
[4] https://www.nexmo.com/blog/2015/02/25/u-s-sms-long-codes-vs-short-codes-what-is-best-for-my-use-case/
[5] https://www.callfire.com/help/glossary/communications/long-code

message was sent by a system designed to send a large volume of messages, faster than 1 message per second, and for impersonal communication designed to bypass a phone carrier's spam filters. The Plaintiff notes that it is well beyond the physical capabilities of a human to send text messages at even 1 per second, and short codes send messages significantly faster than that.

14. The calls showed indications of being autodialed by frequently having long periods of silence before disconnecting, such as on 4/22/2016 from 615-866-0577 to 615-212-9191, the call lasted 9 seconds, had 9 seconds of dead air and then disconnected. On 8/4/2017, the Plaintiff recieved a call to 615-212-9191 from 615-866-0577, the call lasted 10 seconds, had 10 seconds of dead air and then disconnected. On 2/14/2017, there was a call from 615-866-0577 to 615-212-9191 that had 3-4 seconds of dead air then an audible "Bloop" type tone upon which a live agent was connected to the call.

15. Also, the local area code spoofing by using 615 numbers to call 615 numbers indicates that the calls were initiated by a system that can store and dial the Plaintiff's numbers and then dial using a fake outgoing callerID correlated with the local area code in order to trick consumers like the Plaintiff into picking up the call.

16. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and entitle the Plaintiff to $1500 per call in damages.

17. The calls violated the TCPA due to the defendant's failure to maintain a Do not call list, failure to train the agents on the use of a do not call list, and failure to identify the party placing the call by including the name, address and telephone

number at which the entity placing the calls may be contacted, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4).

18. These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS

19. Defendant's text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

20. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

21. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

22. Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

23. The proximate cause of the following injuries are related to the text messages initiated by the Defendants in this case, as illustrated in Exhibit A.

24. The Plaintiff has been harmed, injured, and damages by the text messages including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage

- Annoyance
- Frustruation
- Anger

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**

25. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

### COUNT II

**Violations of the Telephone Consumer Protection Act (TCPA)**

27. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

### COUNT III

**Commonlaw Invasion of privacy**

29. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. The foregoing actions by the Defendants constitute multiple breaches of the the Plaintiff's right to be left alone and an invasion of privacy

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call/text message and

C. Actual damages of $3,000 per text message

D. Pre-judgment interest from the date of the phone calls.

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

Respectfully submitted,   March 7th 2018

Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211, 615-348-1977