# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM § | |
| § | Civil Action No.  4:18-CV-161 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| GREENSTAR CAPITAL SOLUTIONS, § | |
| LLC, ET AL. § | |

## ORDER DENYING MOTION TO REOPEN

Pending before the Court is Plaintiff Craig Cunningham's Motion to Reopen the Case and Motion to Enforce the Settlement ("Motion to Reopen") (Dkt. #40).  After carefully reviewing the Motion, and all other relevant filings, the Motion is **DENIED**.

### BACKGROUND

The original complaint in this case was filed on March 7, 2018 (Dkt. # 1), wherein Plaintiff alleged that Defendants Greenstar Capital Solutions, LLC, Alex Silverman, Noah Silverman, Schimeon Frederick, Tiffany Frederick, and Trusted Leads, LLC violated 47 U.S.C. §§ 227(b) and (c) of the Telephone Consumer Protection Act ("TCPA") (Dkt.. #1 at p. 8).  On May 30, 2018, Plaintiff advised the Court that he "ha[d] resolved his claims against Tiffany Frederick, Schimeon Frederic [sic], and Trusted Leads, LLC" and requested the Court dismiss those Defendants from the case with prejudice (Dkt. #16).  Plaintiff's Motion to Dismiss Schimeon Frederick, Tiffany Frederick, and Trusted Leads, LLC (hereinafter "Trusted Leads Defendants") neither referenced a settlement agreement, nor was any such agreement attached to the motion (*see* Dkt. #16).  An order of partial dismissal was entered on June 1, 2018, dismissing the Trusted Leads Defendants from the case with prejudice (Dkt. #17).  Subsequently, the remaining Defendants were either dismissed or defaulted (Dkts. #20, #27), and on September 24, 2018, a default judgment was entered against

the final defendant in favor of Plaintiff, thereby closing the matter and relinquishing the Court's jurisdiction to handle any further matters associated with the case (Dkt. #35).

*Motion to Reopen*

On November 15, 2018, Plaintiff filed the instant request, entitled "Plaintiff's Motion to Reopen the Case and Motion [] to Enforce the Settlement" (Dkt. #40), seeking to have the Court reopen the cause "for the [sole] purpose of enforcing the settlement between the [Plaintiff and the Trusted Leads Defendants]" (Dkt. #40 at p. 1). Notably, Plaintiff initially filed a second lawsuit in this district seeking to enforce his settlement agreement with the Trusted Leads Defendants. *See Cunningham v. DR. Finance, LLC*, No. 4:18-cv-565 (E.D. Tex. Aug. 6, 2018) (hereinafter "Second Lawsuit"). During the course of the Second Lawsuit, the Court raised the issue of jurisdiction and ordered the Parties to file briefs regarding the Court's jurisdiction to grant the requested relief. On December 21, 2018, Plaintiff ultimately requested that the Court dismiss the Trusted Leads Defendants from the Second Lawsuit. *Second Lawsuit* (Dkts. #29; #30). Thereafter, Plaintiff pursued the instant Motion to Reopen, wherein Plaintiff asserts:

> The Plaintiff has served the defendants' attorney and they are in default in the [Second Lawsuit]. To be procedurally correct, however, it appears the Plaintiff should bring the action in this original case and not a new case as the parties have agreed that the Eastern District of Texas shall have jurisdiction over any question or controversy interpretation, or enforcement of the agreement in paragraph 8 of the settlement, which is filed under seal.

(Dkt. # 40 at p.1).

## ANALYSIS

Issues of subject matter jurisdiction are questions of law. *See Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 327 (5th Cir. 2008). "It is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)

(internal citations omitted). Relevant herein, "[n]o federal statute" gives federal courts jurisdiction to hear a claim for breach of an agreement merely by virtue of the fact that "part of the consideration for [the agreement] was dismissal of an earlier federal suit." *Id.* at 381. In *Kokkonen*, the Supreme Court explained that "[e]nforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. *Kokkonen* held that a court's "ancillary jurisdiction" "to manage its proceedings, vindicate its authority, and effectuate its decrees" provides such an independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Id.* at 380–81. The *Kokkonen* Court specified two ways in which a court may make a settlement agreement part of its dismissal order: "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Id.* The Supreme Court further explained that if a case does not fit into one of these scenarios, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Id.* at 382.

None of the scenarios contemplated in *Kokkonen* exist here. Plaintiff's earlier motion requesting dismissal of the Trusted Leads Defendants in this case states in its entirety:

> The Plaintiff has resolved his claims against Tiffany Frederick, Schimeon Frederic [sic], and Trusted Leads, LLC and wishes to dismiss these defendants and only these defendants from this case with prejudice. The Plaintiff wishes to maintain his claims against the remaining defendants…. For the foregoing reasons, the Defendant's [sic] Schimeon Frederick, Tiffany Frederick, and Trusted Leads, LLC should be dismissed with prejudice.

(Dkt. #16 at p. 1). The Court's Order of Dismissal also did not incorporate the terms of the settlement agreement, nor expressly retain jurisdiction to enforce the settlement (Dkt. #17).[1] Again, "the terms of any district court dismissal order must expressly retain jurisdiction or must otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order." *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 464 (5th Cir. 2010). There is further no independent basis for jurisdiction. The *Kokkonen* Court held that if a case does not fit into one of the first two exceptions, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. The claim Plaintiff asserts in his Motion to Reopen is a state law contract claim to enforce the settlement agreement. Thus, for the Court to maintain independent jurisdiction over such claim, Plaintiff must show that the parties continue to be completely diverse and the amount in controversy (as to the breach of contract claim) exceeds minimum requirements pursuant to 28 U.S.C. § 1332(a). Plaintiff has not demonstrated an independent basis for federal jurisdiction; thus, pursuit of such claim is not appropriate here, but rather is appropriate in state court. Although Plaintiff and Trusted Leads Defendants may have intended to have the Eastern District of Texas retain jurisdiction (*see* Dkt. #38 at pp. 5-6), "jurisdiction is a strict master and inexact compliance is no compliance." *SmallBizPros, Inc.*, 618 F.3d at 464.

Accordingly, because the Court lacks jurisdiction to enforce the terms of the settlement agreement Plaintiff's Motion to Reopen must be denied.

---

[1] The Court notes that Plaintiff has now provided a copy of the Settlement Agreement to the Court, but such agreement was not proffered until November 15, 2018 (Dkt. #38)—five months after the Trusted Leads Defendants had been dismissed and approximately two months after the case had been closed.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Craig Cunningham's Motion to Reopen the Case and Motion to Enforce the Settlement (Dkt. #40) is hereby **DENIED**.

All relief not previously granted is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 30th day of July, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE